UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION
CIVIL ACTION NO. _____

MARTHA GARTH,                                                                                           PLAINTIFF
Administrator *ad Litem* of the Estate of
ROBERT LEE HOWARD, JR.,deceased,


v.

PATRIC FERGUSON

## COMPLAINT

Plaintiffs, Martha Garth, Administrator for the Estate of Robert Lee Howard, Jr., deceased, for her Complaint against the Defendant, Patric Ferguson, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      The Plaintiff, Martha Garth, is the duly appointed and acting Administrator *ad Litem* of the Estate of Robert Lee Howard, Jr., having been so appointed by Order of the Shelby County Probate Court entered on April 6, 2021.  The Order is attached as **Exhibit A**.

2.      The decedent, Robert Lee Howard, Jr., was at all times a Shelby County, Tennessee resident who lived at 3522 Mark Twain Street, Memphis, Tennessee, 38127.

3.      Mr. Howard was unmarried at the time of his death.  He is survived by his three minor children, Cameron Howard, Kaiden Howard, and Paris Howard.

4.      The Defendant, Patric Ferguson, was at all relevant times an on-duty police officer with the Memphis Police Department, acting under color of law, pursuant to the authority of his position with the Memphis Police Department, and within course and scope of his law enforcement position.

1

5. Patric Ferguson is presently an inmate at the Shelby County Jail in Shelby County, Tennessee.

6. Each of the claims asserted against the Defendant are asserted against him in his individual capacity.

7. Plaintiff's alleges unlawful seizure and detention, false arrest, and excessive force in violation of the Fourth Amendment, all of which are brought pursuant to 42 U.S.C. § 1983.

8. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1441(a) because all of the facts that give rise to the Plaintiff's allegations all occurred in Shelby County, Tennessee, which is located within the Western District of Tennessee, Western Division.

9. This Court has original federal question jurisdiction over this action under 28 U.S.C. §§ 1331 as Plaintiff alleges claims arising under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

10. On or about January 6, 2021, Officer Ferguson, encountered Mr. Howard at his residence in Shelby County, Tennessee.

11. At the time Officer Ferguson was on duty, operating a Memphis Police Department police cruiser, wearing his Memphis Police Department uniform, carrying weapons and equipment issued to him by the Memphis Police Department, and acting under color of state law.

12. Upon encountering Mr. Howard, Officer Ferguson used his authority as a Memphis Police Officer, as well as his Memphis Police Department weapon and equipment, including his sidearm and restraints, to seize and detain Mr. Howard, arrest him, and restrain him in restraints in the back of his Memphis Police Department police cruiser.

13. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have warrant for Mr. Howard's arrest.

14. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have probable cause or a factual basis to believe he had probable cause to arrest Mr. Howard.

15. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have any factual basis to believe that he had an arrest warrant for Mr. Howard.

16. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have probable cause to believe that Mr. Howard had committed a crime.

17. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have did not have a reasonable suspicion that Mr. Howard had committed any crime.

18. At that time that he seized, detained, and arrested Mr. Howard, Officer Ferguson did not have a factual basis to suspect Mr. Howard of having committed any crime.

19. After arresting and restraining Mr. Howard in his Memphis Police Department police cruiser using his Memphis Police Department issued restraints, Officer Ferguson detained him the vehicle and drove him away from his home.

20. Officer Ferguson did not have any lawful basis to restrain Mr. Howard in the back of his police cruiser, and the scope of this continued detention exceeded the basis of any permitted seizure.

21. While Mr. Howard was restrained in the back of Officer Ferguson's police cruiser, Officer Ferguson shot and killed him.

22. Mr. Howard did not threaten to harm Officer Ferguson or any other person prior to Officer Ferguson shooting Mr. Howard.

23. Mr. Howard could not have harmed Officer Ferguson prior to being shot because Mr. Howard was restrained in the rear of the police cruiser.

24. Mr. Howard could not have a posed a threat of injury to Officer Ferguson at the time he was shot.

25. At the time Officer Ferguson shot Mr. Howard, no reasonable officer in Officer Ferguson's position would have reasonably believed that use of deadly force was necessary or appropriate.

26. At the time Officer Ferguson shot Mr. Howard, no reasonable officer in Officer Ferguson's position would have reasonably believed that Mr. Howard posed an imminent threat of serious bodily harm to Officer Ferguson or any other person.

27. Mr. Howard did not use, threaten to use, or indicate any intent to use, any sort of force against Officer Ferguson at any time throughout the altercation.

## COUNT I - *Violation of 42 U.S.C. § 1983 – Unlawful Seizure*

28. The factual allegations in paragraphs 10 – 27 are incorporated by reference.

29. At all times relevant hereto, Mr. Howard possessed a right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure, and to be secure in his person, personal effects, and property.

30. When Officer Ferguson initially seized and detained Mr. Howard, he did not have a reasonable basis to suspect that Mr. Howard had committed a crime or was about to commit a crime.

31. When Officer Ferguson restrained Mr. Howard in the back of his police cruiser, Officer Ferguson did not have a reasonable basis to believe that Mr. Howard had committed a

crime, that Mr. Howard was armed and dangerous, that Mr. Howard presented a flight risk, or that there was any other basis to detain Mr. Howard in his car.

32. Officer Ferguson's seizure and detention of Mr. Howard violated Mr. Howard's right to be free from unreasonable seizure as guaranteed by the Fourth Amendment to the United States Constitution.

33. Officer Ferguson's conduct violated Mr. Howard's clearly established constitutional rights of which a reasonable officer would have known.

34. The foregoing violations directly and proximately caused, Mr. Howard to suffer deprivation of liberty, indignity, arrest, detention, physical confinement, and loss of civil rights, which caused actual and consequential damages including mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation.

35. Plaintiff is entitled to compensation for all of the foregoing as well as reasonable attorney's fees, punitive damages, and costs.

36. Wherefore, Plaintiff demands judgment against Officer Ferguson for compensatory damages, punitive damages, reasonable attorneys' fees, and any other relief which the Court deems appropriate.

### COUNT II - *Violation of 42 U.S.C. § 1983 – False Arrest*

37. The factual allegations in paragraphs 10 – 27 are incorporated by reference.

38. Officer Ferguson arrested Mr. Howard without a warrant and without probable cause to believe Mr. Howard had committed a crime.

39. Officer Ferguson's unlawful arrest of Mr. Howard violated his right to be free from arrest absent a warrant or probable cause as guaranteed by the Fourth Amendment to the United States Constitution.

40. Officer Ferguson's conduct violated Mr. Howard's clearly established constitutional rights of which a reasonable officer would have known.

41. The foregoing violations directly and proximately caused Mr. Howard to suffer deprivation of liberty, indignity, arrest, detention, physical confinement, and loss of civil rights, which caused actual and consequential damages including mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation.

42. Plaintiff is entitled to compensation for all of the foregoing as well as reasonable attorney's fees, punitive damages, and costs.

43. Wherefore, Plaintiff demands judgment against Officer Ferguson for compensatory damages, punitive damages, reasonable attorneys' fees, and any other relief which the Court deems appropriate.

### COUNT III - *Violation of 42 U.S.C. § 1983 – Excessive Force*

44. The factual allegations in paragraphs 10 – 27 are incorporated by reference.

45. Officer Ferguson, under color of law, used unreasonable and excessive force on Robert Howard.

46. The force used by Officer Ferguson was objectively unreasonable.

47. At the time Officer Ferguson shot Mr. Howard, Mr. Howard was not committing a crime, there was no threat of danger to Mr. Howard or any other person, and Mr. Howard did not try to resist or flee in any manner.

48. Officer Ferguson's use of force against Mr. Howard violated his rights secured by the United States Constitution by depriving him of the right to be free from excessive force and unreasonable seizures as guaranteed by the Fourth Amendment.

49.     The conduct of Officer Ferguson violated Mr. Howard's clearly established constitutional rights of which a reasonable officer would have known.

50.     Officer Ferguson's unlawful use of deadly force directly and proximately caused Mr. Howard to suffer actual and consequential damages, deprivation of liberty, death, mental and physical pain and suffering, emotional distress and anguish, medical expenses, funeral bills, loss of power to earn money in the future, and death.

51.     Plaintiff is entitled to compensation for all of the foregoing as well as reasonable attorney's fees, punitive damages, and costs.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against the Defendant as follows:

1.     For judgment entered against the Defendant on each claim asserted;

2.     For compensatory damages in an amount not to exceed $30,000,000;

3.     For punitive damages, in an amount not to exceed $30,000,000;

4.     For the Plaintiff's costs herein expended and reasonable attorney's fees; and

5.     For any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

*/s/ William T. Hackett*_____
William T. Hackett
Morgan & Morgan – Memphis, LLC
80 Monroe Ave., STE 900
Memphis, TN 38103
Phone: (901) 333-1859
Email: whackett@forthepeople.com
*Counsel for Plaintiff*